### JOHN H. MITCHELL.

#### *vs.*

### JOB ABBOTT AND ALBERT F. BRADBURY.

Somerset.   Opinion March 31, 1894.

*Contract.   Offer of Reward.   Acceptance.   Revocation.*

An offer of reward for the detection of an offender or the recovery of property is a proposal merely; if acted upon before revocation, the offer and acceptance by performance become a valid contract for a sufficient consideration. It may be revoked at any time before acceptance.

If such an offer is not accepted within a reasonable time after it is made, the law will conclusively presume that it has been revoked.

A lapse of twelve years between the time that a reward is offered and the time of performance is more than a reasonable time, and in the absence of other facts the offer will be presumed to have been revoked.

ON REPORT.

Assumpsit to recover a reward of one thousand dollars, offered for the detection of the murderers of treasurer Barron, of the Dexter Savings Bank.   The offer of reward was as follows :

" $1000, Reward.   On the 22d, instant, Dexter Savings Bank
was entered, treasurer Barron murdered, and an unsuccessful
attempt made to rob the safe, less than one hundred dollars
taken.   The trustees of the bank do hereby offer a reward of
one thousand dollars for the detection of the murderers, or any
one of them.                    A. F. Bradbury, President."

The offer of reward was published at Dexter, February 23,.
1878.   The writ is dated January 11, 1893.

There were five trustees of the bank at the time when the·
reward was offered.   Two of them have since deceased and
another removed from the State.   The action is brought against
the two remaining members of the board within the State..
They appeared at the first term and filed a general demurrer.

It was admitted that David L. Stain and Oliver Cromwell,.
were indicted and convicted of the murder of Barron, in this.
court, in Penobscot county, and were sentenced by the court,
March 31, 1890, to the state's prison for life.   The case is.
reported in 82 Maine, 472.

*Walton and Walton*, for plaintiff.

Defendants, and not the bank, liable.   *Franklin Co.* v..
*Lewiston Inst. for Savings*, 68 Maine, 43 ; *Gale* v. *South Ber-·
wick*, 51 Maine, 174 ; *Simpson* v. *Garland*, 72 Maine, 40, and
cases ; *Ross* v. *Brown*, 74 Maine, 352 ; *Winship* v. *Smith*,.
61 Maine, 118 ; *Rendell* v. *Harriman*, 75 Maine, p. 503, and.
cases ; *Davis* v. *England*, 141 Mass. 587 ; *Barlow* v. *Society*,.
8 Allen, 462, and cases.

Record of conviction admissible and conclusive, except de-
fendants may show it was procured by plaintiff's fraud, &c.

Limitations :   Offer unlimited.   Not barred.   *In matter of
Kelley*, 39 Conn. 159 ; *Ryer* v. *Stockwell*, 14 Cal. 134.   (73
Am. Dec. 634, note.)

*Crosby and Crosby*, for defendants.

The offer was made by the trustees as officials.   They are not
personally liable.   *Ricord* v. *R. R. Co.* 15 Nev. 167 ; *Am.
Exp. Co.* v. *Patterson*, 73 Ind. 430 ; *Kelsey* v. *Bank*, 69 Pa.
426 ; 1 Morawetz Corp. § 424 ; *Simpson* v. *Garland*, 72 Maine,

40; *Purrington* v. *Ins. Co. Id.* 22; *Nobleboro* v. *Clark*, 68 Maine, 87; *Winship* v. *Smith*, 61 Maine, 169; *Mann* v. *Chandler*, 9 Mass. 335.

Offer not accepted within a reasonable time. Question of detection of murderers open to defendants. Bigelow Estop. p. 47, and cases; 1 Greenl. Ev. § § 537, 538; *Butterick* v. *Holden*, 8 Cush. 233.

SITTING: PETERS, C. J., WALTON, LIBBEY, FOSTER, HASKELL, WISWELL, JJ.

WISWELL, J. The plaintiff alleges that on the twenty-third day of February, 1878, the defendants published an offer of a reward; that upon the thirty-first day of March, 1890, the plaintiff performed the service which entitled him to the reward in accordance with the terms of the offer.

Various objections to the maintenance of the suit are suggested and argued by the defendants' counsel. It is only necessary to consider one, which, we think, is an insuperable objection to the maintenance of the action unless there are facts other than those set out in the plaintiff's declaration, viz : that the offer of reward was a proposal to continue for a reasonable time only, and that it ceased to be a proposal long before the time when the plaintiff alleges he accepted it by a performance of the service, for which the reward was to be paid.

The legal principles applicable to an offer of reward for the detection of an offender or the recovery of property are well understood. Such an offer is a proposal merely; if acted upon before revocation the offer and acceptance by a performance become a valid contract for a sufficient consideration. It may be revoked at any time before it is acted upon.

The offer in this case was unlimited as to time, and, so far as we know, was never withdrawn by the act of those making it. We think that the proper construction of such a proposal is, as contended by the defendants, that it must be accepted by performance within a reasonable time and that the law will, in the absence of other facts, conclusively presume a revocation after

a reasonable time. Otherwise it would be a perpetually continuing offer for all time. The statute of limitations would furnish no relief nor limit the continuance of the offer, provided only that the action be commenced within the statutory period after performance. Such a construction would be most unreasonable, and one that could neither have been intended by the persons making the offer, nor contemplated by one who twelve years later was instrumental in bringing about the detection of the offender.

Our view is fully sustained by the Massachusetts court in the case of *Loring* v. *Boston*, 7 Met. 409. In that case a lapse of three years and eight months was held to be beyond a reasonable time.

In this case it is not necessary to decide what would be a reasonable time during which the offer would continue. A lapse of more than twelve years between the time of making the offer and the time of performance is certainly much more than a reasonable time. We are forced to presume, therefore, a withdrawal or revocation of the offer before the time of acceptance.

The defendants filed a demurrer, the case was then reported to the law court for the determination of certain questions. Counsel upon both sides expressed a desire that the question considered, although not specially raised in the report, should be decided. This question is raised by the general demurrer and we have considered it alone because, unless the plaintiff can show other facts and circumstances than those alleged, it finally determines the rights of the plaintiff in this or any other action brought to recover this reward.

The plaintiff will have the right to amend the declaration at *nisi prius*, upon terms, if there are any other facts which can avail him.

*Declaration adjudged defective. Demurrer sustained.*